**Manuel Del Toro AGUILAR; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70957.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 12, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Manuel Del Toro Aguilar, Baldwin Park, CA, pro se.

Anita Sanchez Zamora, Baldwin Park, CA, pro se.

Kurt B. Larson, Esquire, Oil, Stacy S. Paddack, Esquire, Lisa Marie Arnold, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Manuel Del Toro Aguilar and his wife Anita Sanchez Zamora, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision denying their application for cancellation of removal based on their failure to establish the requisite exceptional or extremely unusual hardship to their qualifying United States citizen children.

Petitioners contend that the immigration judge erred in finding that the female petitioner did not establish ten years continuous residence, and that the male petitioner was ineligible for cancellation relief because of his felony conviction. Petitioners further contend that the BIA violated their due process rights by depriving them of a fair and full hearing by not considering the IJ's rulings on these issues.

** This disposition is not appropriate for publi-

Petitioners fail to present a colorable due process claim. The BIA's determination that petitioners failed to establish hardship is dispositive of their cancellation of removal claims, and it was unnecessary for the BIA to consider the IJ's findings on the other cancellation factors. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976). We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to demonstrate the requisite hardship to their qualifying relatives. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.